Stephen PALADINO and Elaine Paladino, Plaintiffs,

v.

WOODLOCH PINES, INC. t/a Woodloch Pines Resort, Defendant.

No. 3:99–CV–0296.

United States District Court, M.D. Pennsylvania.

Aug. 13, 1999.

---

James C. O'Connor, Cozen and O'Connor, West Conshohocken, PA, for plaintiffs.

James J. Wilson, Marshall, Dennehey, Warner, Coleman & Goggin, Scranton, PA, for defendant.

### MEMORANDUM AND ORDER

MUNLEY, *Judge.*

Pursuant to a discovery conference on the above-captioned matter dated August 9, 1999, we shall address the "self-critical analysis" doctrine with regard to the defendant's request to shield from discovery a document entitled "Guest Claim Investigation and Prevention Report" ("Prevention Report").

The facts giving rise to this matter are as follows:

On December 28, 1996, the plaintiff slipped while walking down a pathway at the defendant's premises. Shortly after the plaintiff's accident, the defendant's Director of Safety Services prepared the Prevention Report at issue. The Report contains the following eight headings:

(1) Description of the accident;

(2) Sequence of activity prior to incident;

(3) Exact location of incident (diagram helpful or visit site);

(4) Just exactly what was person involved doing and how did incident occur? What was going on? Who was involved?

(5) What could/should the injured guest have done to prevent the incident? (If appropriate ask the guest.)

(6) What could/should the staff have done to prevent the incident?

(7) Prevention techniques to be implemented;

(8) Conclusion(s).

There is no dispute the defendant's responses for (1) through (4) are discoverable. The defense objects to submitting their answers for (5) through (8), claiming that these portions of the Report are privileged pursuant to the "self-critical analysis" doctrine since the purpose of the Report was to evaluate the plaintiff's accident in order to prevent similar accidents in the future. For the following reasons, we find that the Prevention Report is not privileged and should be disclosed to the plaintiffs.

The theoretical basis for the defense of "self-critical analysis" stems from the public policy which recognizes that voluntary compliance by employers with federal equal employment opportunity laws is essential for implementation of the policy of equal opportunity in employment. In furtherance of voluntary compliance, employers must be encouraged to be candid and forthright in assessing their employment practices and setting goals and timetables for eradicating policies deemed to be discriminatory in operation or effect. If subjective materials constituting "self-critical analysis" are subject to disclosure during discovery, this disclosure would tend to have a "chilling effect" on an employer's voluntary compliance with equal employment opportunity laws. *Webb v. Westinghouse Electric Corp.,* 81 F.R.D. 431, 433 (E.D.Pa.1978). Accordingly, the "self-critical analysis" privilege will not extend to reports, analyses, surveys and the like which are *not mandated by the government.* See *Frazier v. Southeastern Pennsylvania Transp. Auth.,* Civ.A. No. 84–3004, 1988 WL 117869 (E.D.Pa.) (emphasis added).

We disagree with the defense's contention that to allow discovery of the Prevention Report at issue would have a "chilling effect" on an employer's honest evaluation of acci-

dents in order to help prevent future accidents. The court finds the rationale as explained in *Dowling v. American Hawaii Cruises, Inc.*, 971 F.2d 423 (9th Cir.1992) to be enlightening. Organizations have incentives to continue to improve their safety standards since safety renders increased marketability. Further, reviews of the safety conditions of areas are typically not confidential. The purpose of gathering the information is to utilize the information in order to increase safety standards/ marketability and avoid further mishaps and possible law suits. See *Dowling*.

For the aforementioned reasons, the defendant is ORDERED to produce for the plaintiff a copy of the Prevention Report within five (5) days from the date of this order.